# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-00590 RGK (MAAx)** | Date | April 3, 2019 |
|---|---|---|---|
| Title | ***RANDOLPH FITCH v. SHAW INDUSTRIES, INC., et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Remanding Action to State Court**

On December 3, 2018, Randolph Fitch ("Plaintiff") filed a class action against Shaw Industries, Inc. ("Defendant") for wage and hour violations under the California Labor Code, and other state statutes.

On January 25, 2019, Defendant removed the action to federal court alleging CAFA jurisdiction. Upon review of Defendants' Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332(d)(2), district courts shall have original jurisdiction over any civil action in which (1) any member of the class of plaintiffs is a citizen of a state different from any defendant; and (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

Defendant calculates the amount in controversy by making significant assumptions that are not plausible and lack evidentiary support. For example, Defendant assumes that every class member was "clocked out" every single day during their meal periods and "suffered and/or permitted to work" during that time, and that none of the class members were ever permitted meal or rest breaks during their employment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 19-00590 RGK (MAAx)** | Date | April 3, 2019 |
|---|---|---|---|
| Title | ***RANDOLPH FITCH v. SHAW INDUSTRIES, INC., et al*** | | |

    The Court cannot base jurisdiction on Defendant's speculation and conjecture. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (2007). Even with the inclusion of attorneys' fees and punitive damages, Defendant is no closer to carrying its burden because there is no basis for estimating the claims that Defendant primarily relies upon to meet the jurisdictional threshold. *See id.* Accordingly, Defendant has failed to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

    In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                                :

Initials of Preparer